
**FILED**
**DECEMBER 3, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIAM SIMONE HUNTER, PRO SE, § <br> a.k.a. WILLIAM HUNTER, § <br> TDCJ-CID # 753994, § <br> Previous TDCJ-CID # 547176, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JEROD ORLDS and § <br> FRIEDA PERKINS, § <br> § <br> Defendants. § | 2:07-CV-0183 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff WILLIAM SIMONE HUNTER, also known as WILLIAM HUNTER, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff sues defendant ORLDS for assault and battery and sues defendant PERKINS for negligence in failing to document the assault by ORLDS on plaintiff. Further, construing plaintiff's pleading liberally, it appears plaintiff claims defendant ORLDS violated his Eighth Amendment rights by using unnecessary or excessive force and defendant PERKINS violated his Fourteenth Amendment right to Due Process by neglecting to file the appropriate report. Plaintiff says he suffered physical injury and pain, as well as mental anguish. Plaintiff requests an award of $850.00 compensatory damages and $350.00 punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## FACTUAL ALLEGATIONS

Specifically, plaintiff alleges that, on or about March 23, 2006, defendant ORLDS provided plaintiff a breakfast tray that included a meat gravy. Plaintiff says when he informed defendant ORLDS he needed a vegetarian food tray, ORLDS first responded there was no vegetarian tray provided for breakfast and, when plaintiff protested there was, ORLDS responded plaintiff was not on the list for vegetarian meals. Plaintiff then protested he was on

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

such a list, and had been for the previous two years. Plaintiff says defendant then asked plaintiff if he was going to eat and plaintiff replied he was going to eat, when he was brought a vegetarian tray. Plaintiff alleges defendant ORLDS took the tray from his food slot saying, "I just gave you a chance to eat;" and plaintiff, realizing he was not going to get another food tray, put his hand in the flood slot so defendant ORLDS couldn't close the slot. Plaintiff says he did this to force defendant ORLDS to get a supervisor and that it is a common practice among inmates to take the food slot hostage when they want to force a guard to interrupt the performance of his duties and call a supervisor. Plaintiff also states there is no policy allowing ORLDS to hit plaintiff's hand with the bean tool, a metal bar used to close the food slot, but that, when plaintiff refused to obey an order to remove his hand, ORLDS did, in fact, hit plaintiff's hand with the bean tool. Even then, plaintiff struggled with ORLDS to keep the food slot open, but ORLDS mistakenly thought he shut it and left to finish distributing the breakfast trays to the other prisoners. After ORLDS left, plaintiff managed to re-open the food slot in hopes of getting the attention of a superior officer. When plaintiff saw defendant PERKINS come into the run carrying pepper spray and a mask, plaintiff quickly put his hand inside and let PERKINS close the food slot, showing her his hand and saying he was injured. Plaintiff says PERKINS responded that "jacking the slot" wasn't the way to get her attention and went on down the run to attend to another inmate.

  Plaintiff claims no one informed the infirmary that his hand was injured, and that he summoned a Nurse Willimon to his cell when he saw that nurse on the run later in the morning and showed Nurse Willimon his hand. Plaintiff contends defendant PERKINS should have documented defendant ORLDS's misconduct in inflicting the injury in the first place.

Plaintiff states he was taken to medical and his hand was examined. He says while he was being escorted back from the infirmary, another medical caregiver asked what had happened and, upon hearing he claimed to have been struck with a bean tool, ordered an x-ray, which was done.

Plaintiff has attached his medical records relating to the incident. Exhibit A is a patient nursing progress note dated March 23, 2006, 0415, by Carla Powell, R.N. Nurse Powell notes that she was on her way to see plaintiff when she had to leave the area and was unable to talk to plaintiff because of his behavior. She notes plaintiff had his arm out of the food slot and was yelling at the staff; so she had to leave to let officers regain the food slot. She informed the next shift that plaintiff wanted to see a nurse.

Exhibit B is a patient nursing progress note dated March 23, 2006, 0500, by John Willimon, R.N. Nurse Willimon notes he saw plaintiff cellside and listened to plaintiff's complaint that security staff had hit plaintiff on the right hand with a bean tool. Nurse Willimon noted a 3-4 cm. area of swelling to the back of plaintiff's right hand, but found no redness or irritation and noted plaintiff had a full range of motion to all fingers. He further stated plaintiff did not complain or pain or appear to be in any discomfort. He arranged for plaintiff to be seen in the infirmary for further evaluation.

Exhibit D is an Integrated Progress Note for March 23, 2006, reflecting plaintiff's infirmary visit arranged by Nurse Willimon. At the infirmary, plaintiff was seen by Nurse Wormsbaker who noted edema and mild discoloration. Plaintiff was given an ice pack for the swelling and pain and an x-ray was arranged.

Exhibit C is an Integrated Progress Note for March 28, 2006 in which slight swelling of plaintiff's right wrist is noted; however, capillary refill was found to be brisk, the radial pulse was strong, and plaintiff had a full range of motion to his right hand and fingers.

**THE LAW AND ANALYSIS**

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of serious injury is relevant to this inquiry, but does not constitute its entirety. Id. 503 U.S. at 7, 112 S.Ct. at 999.

The force of which plaintiff complains consisted of a single blow administered in an effort to dislodge his hand from the food slot so it could be closed. Although plaintiff contends

he was not a danger to anyone, the open food slot was a clear violation of security and had to be closed.  Plaintiff's own allegation that inmates sometimes take the food slot hostage in order to get a supervising officer shows the importance of securing the food slot; otherwise, security personnel could simply ignore the problem instead of taking the time and trouble to get a supervisor.  Consequently, it is clear that some force could reasonably have been used and ORLD's action did not evince a wanton infliction of pain but, rather, was an attempt to restore discipline.

Further, an examination of the injury plaintiff claims to have suffered leads to the conclusion of *de minimis* force.  Plaintiff's only injury is slight swelling and bruising lasting for a few days.  Both the force utilized and the injury suffered are very similar to that suffered by the plaintiff in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(unprovoked twisting of inmate's arm and twisting his ear resulting in sore and bruised ear for three days constituted *de minimis* injury indicating *de minimis* force).  The injury plaintiff has alleged is clearly de minimis and will not support a valid Eighth Amendment.  *Id*.  Consequently, plaintiff's claim against defendant ORLD lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim that defendant PERKINS violated his Fourteenth Amendment Due Process rights by neglecting to file a report concerning the incident, such a right would have to be based in state law or regulation; however, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division".  The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a

constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Consequently, this claim, too, lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff is attempting to prosecute a claim for negligence against defendant PERKINS, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff WILLIAM SIMONE HUNTER, also known as WILLIAM HUNTER, be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The Court declines to exercise pendent jurisdiction of any state law claims asserted against either defendant; and they are, therefore, DISMISSED WITHOUT PREJUDICE.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 3rd day of December, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE